166 So. 435

## HUBBARD v. STATE.

### 7 Div. 164.

Court of Appeals of Alabama.
Feb. 4, 1936.

Rehearing Denied March 3, 1936.

sideswiped it." This evidence was immaterial and not connected with the defendant or the stolen car, but its admission could not have injuriously affected defendant's case for the very good reason that there is no evidence connecting defendant with the car at that point.

The witness George Gormany testified positively that he saw defendant and others in a 4-door dark blue sedan on "Decoration Day." He was then asked by defendant's counsel, "What fact or circumstances came up that day that makes you know it was 'Decoration Day'?" This question might have been asked on cross-examination for the purpose of testing the accuracy of his recollection, but not on direct examination, where its only purpose could be to bolster his testimony, already given.

Refused charge 2 invades the province of the jury. It is the duty of the jury to consider all of the evidence, both for the state and for the defendant. What weight they shall give either to the one or the other is for them, and they alone have this responsibility.

Refused charge 3 is misleading. The charge says, "If you find such reasonable doubt," etc. Doubt of what? It might be a doubt with regard to any matter in evidence. It is a reasonable doubt of defendant's guilt, growing out of a consideration of all the evidence that entitles defendant to an acquittal.

If the construction to be placed on refused charge 4 is as contended by appellant, then the same was amply and sufficiently covered by the court in its oral charge.

We find no error in the record, and the judgment is affirmed.

Affirmed.

McCord & McCord, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

Defendant was convicted of having stolen a Chevrolet car, the property of Alex M. Farley. The evidence for the state was ample to sustain the verdict, and there was no error in refusing defendant's request for the general charge.

There was some testimony by one Tom Griffin as to some automobile tracks in the road near the home of a man named Holliday, who was an uncle of defendant, and that the banks on the side of the road "looked like a car had driven into it and